UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

MICHAEL TRENK,                                Civil Action No.:

                Plaintiff,

-against-                                     **COMPLAINT FOR VIOLATIONS
                                              OF THE TELEPHONE
                                              CONSUMER PROTECTION ACT**

ALLIED INTERSTATE LLC &
SYNCHRONY BANK
                Defendant(s).            **DEMAND FOR JURY TRIAL**

-----------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff MICHAEL TRENK ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendants ALLIED INTERSTATE LLC & SYNCHRONY BANK, (hereinafter referred to as Defendant(s)" 1 & 2), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) under Title 47 of the United States Code, §227, commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendants are subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act

of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff MICHAEL TRENK is a resident of the State of NEW JERSEY residing at 24 Cabinfield Circle, Lakewood, NJ 08701.

4. Defendant ALLIED INTERSTATE LLC, has a Corporate Headquarters located at 7525 WEST CAMPUS ROAD NEW ALBANY, OH 43054.

5. Defendant SYNCHRONY BANK, has a Corporate headquarters located at 170 ELECTION ROAD SUITE 125 DRAPER, UT 84020.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. On or about October 20th, 2016, Defendants began communicating with the Plaintiff by placing auto dialed phone calls to the Plaintiff's cell phone number of 917-708-1793 and leaving messages. The phone calls were made by autodialer and were in reference to his wife's account.

10. On October 30th, 2016, based on these phone calls, the Plaintiff called the Defendants and was connected with a female representative. The Plaintiff gave the representative his name and then his wife's name to access the account.

11. The representative stated that he had reached Allied Interstate on behalf of Synchrony Bank.

12. The Plaintiff explained that he was receiving a lot of phone calls and would like to know if the calls were being made by a autodialer.

13. The representative said that they do use an autodialer for the phone calls and gave him the past due amount of $137.00 that was owed on the account.

14. The Plaintiff then asked what the total amount due on the account was and the representative gave him that information as well.

15. The Plaintiff then requested for the Defendants to please stop calling him on his cell phone and requested the amount now owed on the account.

16. The representative was having a tough time hearing the Plaintiff.

17. The Plaintiff made sure to question if the representative understood what he was asking and reiterated that he would like the phone calls to stop and the call was concluded.

18. After the conclusion of this telephone call the Defendants continued to call the Plaintiff on his cell phone. From the start of the calls on or about October 20th 2016

thru January 18th 2017, the Plaintiff has received at least 350 autodialed calls from the Defendants.

## FIRST CAUSE OF ACTION
### (Violations of the TCPA)

19.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20.  According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

21.  It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See _Breslow c. Wells Fargo Bank, N.A._ 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and _Cavero v. Franklin Collection Serv., Inc._, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for

the call. For example, in *Manno v.Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

22.     It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

23.     With the autodialed calls to Plaintiff's telephone commencing on or about October 30th, 2016 and continuing at a rate of approximately (350) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

24.     The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (350) times.

25. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

26. Defendants are in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls for debt collection and (7), failing to honor Plaintiff's desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

27. Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

28. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

    A.    For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendants' willful or knowing violations of the TCPA.

    B.    A declaration that the Defendants' practices violated the TCPA;

    C.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    May 16, 2017

Respectfully submitted,

*[signature: Edward B.]*

EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

TO

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK 10464
TEL:(914)473-6783

*Attorney for the Plaintiffs',*
MICHAEL TRENK


TO: ALLIED INTERSTATE LLC
7525 W CAMPUS ROAD
NEW ALBANY. OH 43054

SYNCHRONY BANK
170 ELECTION ROAD SUITE 125

*DRAPER, UT 84020*

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(Via Electronic Court Filing)*